## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

LARRY B. SAYLOR, )
)
    Plaintiff, )
)
     ) 3  0 9  0 2 1 8
)
v. ) No. 3:09mc0033
) Judge Campbell
BOB BARKER, ET AL., )
)
    Defendants. )

### MEMORANDUM

The plaintiff, proceeding *in forma pauperis*, brings this *pro se* action under 42 U.S.C. § 1983. The plaintiff names the following defendants to this action: 1) Bob Barker, Sheriff of Sumner County; 2) Sonya Troutt, Sumner County Jail Administrator; and 3) Corrections Officer (C/O) Alex Bardill. The plaintiff is suing each of the defendants in their official capacity only. He seeks money damages and injunctive relief.

The alleged events that gave rise to this action began at 2:30 a.m. on December 10, 2008, when C/O Bardill awakened the plaintiff. The plaintiff asserts that C/O took him from his cell, placed him in a visitation booth, and then ransacked his cell under the pretense of conducting a shakedown. The plaintiff claims that, when he saw is cell afterwards, he refused to go in until C/O Bardill called the duty Sergeant. According to the plaintiff, when other corrections officers arrived, C/O sprayed him "with a chemical," and struck him repeatedly in the head and upper body. The plaintiff asserts that he required medical attention because of injuries that C/O inflicted on him.

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535

(1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* complaints liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

As previously noted, the plaintiff is suing the defendants in their official capacity only. In an official-capacity-only lawsuit, the real party in interest is the represented governmental entity. *See Hafer v. Mels*, 502 U.S. 21, 25-26 (1991). By suing the defendants in their official capacity only, the plaintiff is, in essence, suing the County of Sumner. To prevail against the County of Sumner, the plaintiff must claim that the alleged violations of his constitutional rights stemmed from a county policy, regulation, decision, custom, or the tolerance of such violations. Otherwise, a § 1983 claim will not lie. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. New York City Department of Soc. Serv's*, 436 U.S. 658, 690-91 (1978); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-09 (6th Cir. 1996).

The plaintiff does not claim, nor can it be liberally construed from the complaint, that any such county policy, regulation, decision, custom, or tolerance of such violations was responsible for the alleged events that occurred the morning of December 10, 2008. Therefore, the County of Sumner is not liable under § 1983. For these reasons, the complaint will be dismissed for failure to

2

state a claim on which relief may be granted

An appropriate order will be entered

Todd Campbell
United States District Judge